IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DERRICK WILLIAMS,
No. B04930,

        Petitioner,

vs.                                          CIVIL NO. 15-CV-00120-DRH

KIMBERLY BUTLER,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Derrick Williams, an inmate currently housed at Menard Correctional Center, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). In 2006, following a jury trial, Williams was convicted of attempted first degree murder, home invasion, residential burglary and armed robbery. *People v. Williams*, Case No. 06-CF-100 (9th Cir., Warren Co., Ill. 2006). On direct appeal the conviction and sentence for residential burglary was vacated, and the sentence for armed robbery was vacated and remanded for resentencing. *People v. Williams*, Case No. 3-06-0838 (Ill. App. 3rd Dist. 2008) (*see* Doc. 1-1, pp. 44-55). Although the petition does not reveal Williams' sentence after remand, it is clear that he is serving a 35-year prison sentence on the attempted murder charge. In any event, having failed to secure post-conviction relief in state court on three occasions, he now seeks to overturn his convictions via Section 2254.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Section 2254 petition presents the following grounds for relief:

1. **Williams' Sixth Amendment right to confront witnesses against him, and Fourteenth Amendment right to a fair trial were violated when his was violated, and he was denied a fair trial when Officer Beekman was permitted to offer a hearsay evidence regarding a statement made by a codefendant;**

2. **Due to the underlying ineffective assistance of trial counsel, who failed to call a gun expert, Williams was denied his Fourteenth Amendment right to a fair trial when the victim was allowed to testify falsely about hearing the gun click as it was held to his head;**

3. **The attempted murder charge was prosecuted against Williams by information, rather than by indictment, in violation of the Fifth Amendment; and**

4. **An accountability instruction confused the jury and acted as a directed verdict, in violation of the Fourteenth Amendment.**

Several of Williams' arguments appear to be nonstarters, and there may be certain procedural barriers to review. Nevertheless, there is insufficient information currently before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, Respondent Butler will be required to respond or otherwise plead.

Finally, the Court notes that petitioner, who has been denied pauper status, has yet to pay the required $5.00 filing fee.  The deadline for payment is March 13, 2015 (Doc. 5), and failure to pay will likely result in dismissal of the petition,

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and Respondent informed of any change in his whereabouts.  This notification shall be done in writing and not later than seven days after a change in address occurs.

**IT IS SO ORDERED.**

**March 2, 2015**

Digitally signed by
David R. Herndon
Date: 2015.03.02
13:38:48 -06'00'

**United States District Court**