IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DERRICK WILLIAMS,

        Petitioner,

vs.                                            Civil No.  15-cv-120-DRH-CJP

KIMBERLY BUTLER,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Derrick Williams was convicted of attempted first degree murder, home invasion, residential burglary and armed robbery by a jury in Warren County, Illinois, in 2006.  The burglary conviction and the sentence on the armed robbery conviction were vacated on appeal.  On June 16, 2009, petitioner was resentenced to thirty-five years for attempted murder, fifteen years for home invasion and six years for armed robbery, to be served concurrently.

On February 4, 2015, Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1).  He raises the following grounds for habeas relief:

    1.    Petitioner was denied a fair trial because the court allowed hearsay evidence of a codefendant's statement.

    2.    Petitioner was denied a fair trial because the prosecutor failed to correct false testimony given by the victim.

    3.    Petitioner was denied a fair trial because the trial judge erroneously instructed the jury on accountability, which confused the jury.

This matter is now before the Court on respondent's motion to dismiss habeas petition as time-barred (Doc. 13). Petitioner responded to the motion (Doc. 14).

1. **Relevant Facts**

Williams is now in custody pursuant to the judgment entered on June 16, 2009, after resentencing. Doc. 13, Ex. A. Petitioner did not file a direct appeal after resentencing. Doc. 13, p. ¶3.

Williams filed a state postconviction petition on November 2, 2009.[1] It was dismissed by the trial court as frivolous or patently without merit. Petitioner appealed, and the Appellate Court affirmed on December 1, 2011. Doc. 13, Ex. D-F. Respondent represents that petitioner did not file a petition for leave to appeal to the Supreme Court. Doc. 13, ¶4. Petitioner has not disputed that representation.

On October 24, 2011, while the appeal of the dismissal of his first postconviction petition was pending, Williams moved for leave to file a successive postconviction petition. The trial court denied leave. The Appellate Court affirmed, and Williams' petition for leave to appeal was denied on September 24, 2014. Doc. 13, Ex. G-J.

2. **Applicable Legal Standards**

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for

---

[1] In March, 2008, while his initial direct appeal was still pending, petitioner filed a postconviction petition. It was summarily dismissed in April, 2008. Doc. 1, pp. 28-30. That petition has no relevance to the timeliness issue because it was disposed of before petitioner's conviction became final.

writ of habeas corpus.  Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition.  28 U.S.C. §2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 130 S. Ct. at 2562, citing *Pace v. DiGuglielmo,* 125 S. Ct. 1807, 1814 (2005).  The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

## Analysis

Petitioner does not allege that his habeas claim arises out of newly-

discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing. Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when the judgment became final. In a criminal case, the judgment is the sentence; the judgment is final and the one-year period begins to run when both the conviction and sentence have become final upon the conclusion of direct review or the expiration of time for seeking direct review. *Burton v. Stewart*, 127 S. Ct. 793, 799 (2007).

Williams was re-sentenced on June 16, 2009. He did not appeal, so his conviction and sentence became final thirty days later, when the time for filing a notice of appeal expired. See, Ill. Sup.Ct. R. 606.

Under 28 U.S.C. §2244(d)(2), the one-year limitations period is tolled during the pendency of a "properly filed" application for postconviction relief.

Respondent concedes that the state postconviction petition filed on November 2, 2009, was properly filed, and therefore served to toll the one-year period during the time it was pending. Citing *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004), respondent argues that the petition was pending only until December 1, 2011, the date on which the Appellate Court affirmed the dismissal of the petition, because Williams did not file a petition for leave to appeal to the Supreme Court. That citation is not on point. The Seventh Circuit has not decided whether a postconviction petition is "pending" during the time for filing a PLA even though the petitioner did not actually file one. "It is unnecessary to decide, and we therefore reserve, the question whether time provided for filing a

petition or appeal to a higher court is treated as time during which an application is pending, if the time expires without a filing." *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008), citing *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000). It is also unnecessary to answer the question here. Williams had thirty-five days in which to file a PLA. Ill. Sup.Ct. R. 315(b). Thirty-five days one way or the other makes no difference to the outcome of this case.

Between July 17, 2009, the date on which his conviction became final, and November 2, 2009, the date of filing of the postconviction petition, 107 days elapsed. A properly-filed postconviction petition stops the clock from running, but does not start a whole new one-year period. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Respondent argues that the one-year period resumed running on December 2, 2011, the day after the Appellate Court affirmed the dismissal of the petition, and that petitioner had 258 days in which to file a timely habeas petition. Giving petitioner the benefit of the doubt, the Court will assume without deciding that the thirty-five days in which he could have filed a PLA are also tolled. Under that scenario, he had 293 days from December 2, 2011, in which to file his habeas petition.

The successive postconviction petition that Williams attempted to file in October, 2011, did not toll any time because the court denied leave to file it. *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009).

Williams did not file his habeas petition until February 4, 2015. Under the most generous method of counting, the one-year period elapsed long before that

date.  The petition was therefore untimely unless equitable tolling applies.

Petitioner bears the burden of showing that he is entitled to equitable tolling.  *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013).  He has not made any attempt to make such a showing.  Neither his petition nor his reply, Doc. 14, addresses the timeliness issue in any meaningful way.  Further, he has not advanced a colorable claim of actual innocence so as to come within the rule of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).  Both components must be established for a COA to issue.

Here, it is clear that Williams' petition is time-barred.  No reasonable jurist would find the issue debatable.  Accordingly, the Court denies a certificate of

appealability.

## Conclusion

Respondent's Motion to Dismiss Habeas Petition as Time-Barred (Doc. 13) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: June 24, 2015**

Digitally signed by David R. Herndon
Date: 2015.06.24 11:10:23 -05'00'

**United States District Judge**